IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:: | § § | |
| BRAVO MARSHALL COMMUNITIES, LP | § § § | CASE NO. 08-36044-H3-7 |
| DEBTOR | § § § § | CHAPTER 7 |

MOTION TO PAY FUNDS
INTO THE REGISTRY UNDER
§ 11 U.S.C. §374 (A)

The undersigned trustee reports:

____ The dividend(s) payable to the creditor(s) listed on Exhibit "A" hereto is(are) in an amount less than the amount specified in Bankruptcy Rule 3010.

_X_ Funds were returned the creditor moved and left no forwarding address. I am unable to locate a good address and the dividend(s) payable to the creditor(s) listed on Exhibit "A" hereto remain unclaimed.

Pursuant to Bankruptcy 3010 or 3011, as applicable, and 11 U.S.C. §347(a), the undersigned trustee requests authorization to pay small and/or unclaimed dividends in the total amount shown on said Exhibit "A" for deposit into the United States Treasury, pursuant to Chapter 129 of Title 28 (28 U.S.C. 2041, et seq).

Dated: June 24, 2013

/s/ *Rodney Tow*
Federal ID # 3196
Rodney D. Tow
Chapter 7 Trustee
26219 Oak Ridge Drive
The Woodlands, TX 77380
281-681-9100

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent electronically to the U.S. Trustee, 515 Rusk, Suite 3516, Houston, TX 77002 on the 24th of June, 2013.

/s/ *Rodney Tow*
Rodney Tow, Trustee

# Exhibit "A"

| Claim No. | Claimant | Amount |
|---|---|---|
| 17 | Imperial Homes<br>C/O Thomas B. Green, III<br>2358 Tangley<br>Houston, TX 77005 | $6,264.36 |
| 24 | Terracon Consultants, Inc.<br>PO Box 931277<br>Kansas City, MO 64193 | $37.86 |
| 29 | Kevin Camarata<br>767 Kendrick, Ste. 120<br>Houston, TX 77060 | $9.82 |
| 29A | Kevin Camarata<br>767 Kendrick, Ste. 120<br>Houston, TX 77060 | $2,425.00 |
| 30 | TODO, LLC<br>PO Box 4037<br>Horseshoe Bay, TX 78657 | $9.82 |
| 34 | Gary and Cynthia Mechler<br>1319 Avon Way<br>Houston, TX 77339 | $18.47 |

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|
| Name of Debtor:<br>Bravo Marshall Communities LP | Case Number:<br>08-36044 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Imperial Homes | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>%Thomas B. Greene, III<br>Attorney at Law<br>2358 Tangley; Houston, TX 77005 | Court Claim Number: _____<br>*(If known)* |
| Telephone number:<br>(713) 882-2312 | Filed on: _____ |

United States District Court
Southern District of Texas
FILED
FEB 11 2009
Michael N. Milby
Clerk of Court

| Name and address where payment should be sent (if different from above):<br>Imperial Homes<br>10555 Richmond Avenue, Suite 400<br>Houston, TX 77042 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Telephone number:<br>(713) 334-9066 | ☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:       $ 3,188,589.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim:  breach of contract<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>Value of Property: $_____   Annual Interest Rate _____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____   Basis for perfection: _____<br><br>Amount of Secured Claim: $_____   Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>Amount entitled to priority:<br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date:<br>2/11/2009   Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>[signature] | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## AGENT AUTHORIZATION

**Terrence Hartzell, sole owner of Imperial Homes,** on behalf of itself as well as its subsidiaries and affiliates, does hereby grant to Charlene J. Keys dba Keys Research, my true and lawful Agent for me and in my name, place and stead, giving unto my Agent full power to do and perform all and every act that I may legally do through an Agent, for the following limited purpose and for no other:

> **To reclaim, recover and return unclaimed funds in the amount of $6,264.36 ONLY, less agreed upon fee, to the signatory below.**

I do hereby grant my Agent every power necessary to carry out the limited purposes for which this Agent Authorization is granted.

I do state under penalty of perjury that all copies of supporting documents provided in support of this claim are true and lawful copies of the original documents.

The rights, powers, and authority of my Agent herein granted shall commence and be in full force and effect from the date I sign this Agent Authorization and such rights, powers, and authority shall remain in full force and effect thereafter, until revoked in writing, or until funds are collected. This duly executed authorization does hereby annul, cancel, revoke, and terminate all rights, powers, and authorities and privileges set forth in any previously signed Power Of Attorney for this specific matter.

DATED 7/21/2013      SIGNED _Terrence M. Hartzell_

CORPORATE SEAL      TAX ID Number 76-0320109

AFFIDAVIT: (to be signed if Corporate Seal is unavailable)
The Corporate seal for this Corporation is not available.

Dated 7/21/2013

Signed _Terrence M. Hartzell_

SSN 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

****************************************************

### NOTARY ACKNOWLEDGMENT

State of Texas, County of Fort Bend

ACKNOWLEDGED before me on this date 09/21/13, by the Individual described above and holding the position designated in this instrument, and who has appeared before me to acknowledge the execution thereof to be of his/her free act and deed.

NOTARY SEAL

JAIR CHEDRAOUI
Notary Public, State of Texas
My Commission Expires
July 12, 2016

NOTARY PUBLIC
My commission expires July 12, 2016

Form **W-9**
Revised December 2012
Department of Treasury
Internal Revenue Service

# Request for Taxpayer Identification Number and Certification

Completed form should be given to the requesting department or the department you are currently doing business with.

**Name** ( List legal name, if joint names, list first & circle the name of the person whose TIN you enter in Part I-See Specific Instruction on page 2)
Terrence Malcolm Hartzell

**Business name**, if different from above. (See Specific Instruction on page 2)
Imperial Homes, Inc

Check the appropriate box:  ☐ Individual/Sole proprietor  ☒ Corporation  ☐ Partnership  ☐ Other

**Legal Address**: number, street, and apt. or suite no.
45 Queen Mary

**Remittance Address**: if different from legal address number, street, and apt. or suite no.

**City, state and ZIP code**
Sugar Land TX 77479

**City, state and ZIP code**

Phone # (713) 707-1633    Fax # ( )    Email address: hartzell.neh@gmail.com

**Part I**

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instruction on page 2. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 2.
Note: If the account is in more than one name, see the chart on page 2 for guidelines on whose number to enter.

**Social security number**
- -

OR

**Employer identification number**
76 - 0320109

DUNS

**Vendors:**
Dunn and Bradstreet Universal Numbering System (DUNS)

**Part II   Certification**

Under penalties of perjury, I certify that:
1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), **and**
2. I am not subject to backup withholding because: **(a)** I am exempt from backup withholding, or **(b)** I have not been notified by the Internal Revenue Services (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or **(c)** the IRS has notified me that I am no longer subject to backup withholding, **and**
3. I am an U.S. person (including an U.S. resident alien).
4. I am currently a Commonwealth of Massachusetts's state employee: (check one): No _X_ Yes _____ If yes, **in compliance with** the State Ethics Commission **requirements.**

**Certification instructions:** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply.

**Sign Here**  Authorized Signature ▶ Terrence M. Hartzell   Date ▶ 7/21/2013

f

Form MA-W-9 (Rev. April 2009)

# TEXAS SECRETARY of STATE
# JOHN STEEN

UCC | Business Organizations | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 116979900 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | October 18, 1990 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 30114232306 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| **Name:** | IMPERIAL HOMES, INC. | | |
| **Address:** | 45 QUEEN MARY COURT<br>SUGAR LAND, TX 77479 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| Last Update | Name | Title | | Address | |
| September 7, 2013 | TERRENCE M HARTZELL | PRESIDENT | | 45 QUEEN MARY COURT SUGAR LAND, TX 77479 USA | |
| September 7, 2013 | TERRENCE M HARTZELL | DIRECTOR | | 45 QUEEN MARY COURT SUGAR LAND, TX 77479 USA | |
| September 7, 2013 | FRED SCHWEERS | VICE PRESIDENT | | 13808 RIVER KEG DRIVE HOUSTON, TX 77083 USA | |
| September 7, 2013 | FRED SCHWEERS | DIRECTOR | | 13808 RIVER KEG DRIVE HOUSTON, TX 77083 USA | |



[Order]  [Return to Search]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?spage=mgmt&:Spagefro...    9/24/2013

# TEXAS SECRETARY of STATE
# JOHN STEEN

UCC | Business Organizations | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 116979900 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | October 18, 1990 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 30114232306 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| **Name:** | IMPERIAL HOMES, INC. | | |
| **Address:** | 45 QUEEN MARY COURT<br>SUGAR LAND, TX 77479 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Name** | **Address** | | | | **Inactive Date** |
| Richard E Brown | 10375 RICHMOND AVE.,STE.1675<br>Houston, TX 77042 USA | | | | |

[Order]  [Return to Search]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

Filing Number: 116979900

TX2013
VER. 4.0   05-102
(Rev.9-11/30)
Tcode 13196

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC) and Financial Institutions
This report MUST be signed and filed to satisfy franchise tax requirements

**Taxpayer number:** 30114232306
**Report year:** 2013

You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381 or (512) 463-4600.

**Taxpayer name:** IMPERIAL HOMES, INC.
**Mailing address:** 45 QUEEN MARY COURT
**City:** SUGAR LAND  **State:** TX  **ZIP Code:** 77479  **Plus 4:**
**Secretary of State (SOS) file number or Comptroller file number:**

☐ Check box if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office:** 45 QUEEN MARY COURT, SUGAR LAND, TX 77479
**Principal place of business:** 45 QUEEN MARY COURT, SUGAR LAND, TX 77479

**Please sign below!** Officer, director and member information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or members change throughout the year.

3011423230613

**SECTION A** Name, title and mailing address of each officer, director or member.

| Name | Title | Director | Term expiration (mm dd yy) |
|---|---|---|---|
| TERRENCE M. HARTZELL | PRESIDENT | ☒ YES | |
| Mailing address: 45 QUEEN MARY COURT | City: SUGAR LAND | State: TX | ZIP Code: 77479 |
| FRED SCHWEERS | VP | ☒ YES | |
| Mailing address: 13808 RIVER KEG DRIVE | City: HOUSTON | State: TX | ZIP Code: 77083 |
| | | ☐ YES | |
| Mailing address: | City: | State: | ZIP Code: |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| | | | |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

**Registered agent and registered office currently on file.** (see instructions if you need to make changes)
Agent:
Office:   City:   State:   ZIP Code:

☐ Check box if you need forms to change the registered agent or registered office information.

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or member and who is not currently employed by this, or a related, corporation or limited liability company.

**sign here:** [signature]
**Title:** PRESIDENT
**Date:** 5-13-2013
**Area code and phone number:** (281) 265-1852

Texas Comptroller Official Use Only

VE/DE ☐   PIR IND ☐

1032

DAE-CH

# The State of Texas
## Secretary of State

CERTIFICATE OF INCORPORATION

OF

IMPERIAL HOMES, INC.
CHARTER NUMBER  01169799

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS, HEREBY CERTIFIES THAT ARTICLES OF INCORPORATION FOR THE ABOVE CORPORATION, DULY SIGNED HAVE BEEN RECEIVED IN THIS OFFICE AND ARE FOUND TO CONFORM TO LAW.

ACCORDINGLY THE UNDERSIGNED, AS SUCH SECRETARY OF STATE, AND BY VIRTUE OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS CERTIFICATE OF INCORPORATION AND ATTACHES HERETO A COPY OF THE ARTICLES OF INCORPORATION.

ISSUANCE OF THIS CERTIFICATE OF INCORPORATION DOES NOT AUTHORIZE THE USE OF A CORPORATE NAME IN THIS STATE IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER THE FEDERAL TRADEMARK ACT OF 1946, THE TEXAS TRADEMARK LAW, THE ASSUMED BUSINESS OR PROFESSIONAL NAME ACT OR THE COMMON LAW.

DATED OCT. 18, 1990



George S. Bayoud Jr.
Secretary of State

FILED
In the Office of the
Secretary of State of Texas

OCT 18 1990

Corporations Section

# ARTICLES OF INCORPORATION
# OF
# IMPERIAL HOMES, INC.

I, the undersigned natural person of the age of twenty-one years or more, am a citizen of the State of Texas, acting as incorporator of a corporation under the Texas Business Corporation Act, hereby adopt the following Articles of Incorporation for such corporation.

## ARTICLE I

The name of the corporation is IMPERIAL HOMES, INC.

## ARTICLE II

The period of its duration is perpetual.

## ARTICLE III

The purpose for which the corporation is organized is:

To engage in any lawful act or activity for which corporations may be organized under the Texas Business Corporation Act, and to have and exercise all of the rights, powers, and privileges conferred by the laws of the state of Texas upon corporations formed under the Texas Business Corporation Act at any time in force and to do any or all of the things thereinbefore set forth to the same extent as natural persons might or could do, but nothing herein contained shall be deemed to authorize or permit this corporation to carry on any business or exercise any power or do any act which a corporation organized under the Texas Business Corporation Act may not at the time lawfully do.

## ARTICLE IV

The corporation is authorized to issue two classes of shares to be designated respectively "preferred" and "common". The total number of shares which the corporation is authorized to issue is 2,200,000 shares of which:

(1) Two million (2,000,000) are shares of Common Stock without par value. All shares of Common Stock have identical rights and privileges in every respect, and

(2) Two Hundred Thousand (200,000) are shares of 11% Preferred Stock of the par value of Twenty Five Dollars ($25.00) each, with the designations, preferences, limitations and relative rights described below.

    (a) _Dividends: Cumulativity_. The holders of the Preferred Stock shall be entitled to receive, when and as declared by the Board of Directors out of any funds legally available therefor, cumulative preferential dividends in cash at the rate of, but not exceeding, 11% of the par value per annum, payable quarterly on the last days of March, June, September and December in each year. Preferred Stock dividends shall be cumulative from the date of issue. So long as any of the Preferred Stock remains outstanding, no dividend shall be paid on, or declared or set apart for, the

1

Common Stock and no Common Stock shall be purchased by the corporation unless and until all cumulated and unpaid dividends on the then outstanding shares of Preferred stock are paid and the full dividends thereon for the then current quarterly dividend period are paid.

(b) <u>Liquidation Preference</u>. In the event of voluntary or involuntary liquidation, dissolution or winding up of the corporation, the holders of the Preferred Stock shall be entitled to receive, after payment or provision for payment of debts, but before any distribution of assets to the holders of Common Stock, Twenty-Five Dollars ($25.00) per share plus cumulated and unpaid dividends thereon to the date fixed for the liquidation, dissolution or winding up. After such payment has been made in full to the holders of the outstanding Preferred Stock, or funds necessary for such payment have been set aside in trust for the account of such holders so as to be and continue available therefore, the holders of the Preferred Stock shall be entitled to no further distribution and the remaining assets of the corporation shall be divided and distributed among the holders of the Common Stock then outstanding according to their respective shares. If on liquidation, dissolution or winding up, the assets of the corporation so distributable among the holders of the Preferred Stock are insufficient to permit full payment to them, the entire assets shall be distributed ratably among the holders of the Preferred Stock. A consolidation or merger of the corporation, a sale or transfer of substantially all of its assets as an entirety, or a purchase or redemption by the corporation of its shares of any class, is not a "liquidation, dissolution or winding up of the affairs of this corporation" within the meaning of this paragraph.

(c) <u>Redemption</u>. The corporation, at the option of the Board of Directors, may at any time or from time to time redeem all of any part of the Preferred Stock then outstanding by paying therefor in cash Twenty-Five Dollars ($25.00) per share plus cumulated and unpaid dividends thereon to the date fixed for redemption. If less than all of the outstanding shares of Preferred Stock are to be redeemed, the shares to be redeemed shall be selected pro-rata or by lot or by such other equitable method as the Board of Directors may determine. Notice of redemption shall be mailed, postage prepaid, to the holders of record of the shares to be redeemed at their addresses then appearing on the books of the corporation, not less than (20) and not more than fifty (50) days prior to the date fixed for the redemption.

(d) <u>Provision for Payment of Redemption Price</u>. On or before the date fixed for redemption, the corporation may provide for payment of a sum sufficient to redeem the shares called for redemption either (1) by setting aside the sum, separate from its other funds, in trust for the benefit of the holders of the shares to be redeemed, or (2) by depositing such sum in a bank or trust company (either one in Texas having capital and surplus of at least Ten Million Dollars ($10,000,000.00) according to its latest statement of

2

condition, or one anywhere in the United States duly appointed and acting as transfer agent for the corporation) as a trust fund, with irrevocable instruction and authority to the bank or trust company to give or complete the notice of redemption and to pay, on or after the date fixed for redemption, the redemption price on surrender of their respective share certificates. The holders may be evidenced by a list certified by the corporation (by its president or a vice president and by its secretary or an assistant secretary) or by its transfer agent. If the corporation so provides for payment, then from and after the date fixed for redemption: (a) the shares shall be deemed to be redeemed, (b) dividends thereon shall cease to accrue, (c) such setting aside or deposit shall be deemed to constitute full payment for the shares, (d) the shares shall no longer be deemed outstanding, (e) the holders thereof shall cease to be shareholders with respect to such shares, and (f) the holders shall have no rights with respect thereto except the right to receive their proportionate shares of the funds so set aside or deposited (but without interest) upon the surrender of their respective certificates. Any interest accrued on funds so set aside or deposited shall belong to the corporation. If the holders of any shares do not within six (6) months after such deposit claim any amount so deposited for redemption thereof, the bank or trust company shall, on demand, pay over the corporation the balance of funds so deposited, and the bank or trust company shall thereupon be relieved of all such responsibility to such holders.

(e) <u>Status of Redeemed Shares</u>. Shares of Preferred Stock which are redeemed shall be canceled and shall be restored to the status of authorized but unissued shares.

(f) <u>Definition of "Cumulated and Unpaid."</u> "Cumulated and unpaid dividends" on a share of Preferred Stock means 11% per annum of the par value thereof for the period from the date when dividends thereon begin to cumulate to the date as of which cumulated and unpaid dividends are being determined, less the dividends previously paid thereon.

The 11% Preferred Stock shall have no voting rights whatsoever, and the sole voting rights shall be in the Common Stock.

## ARTICLE V

The corporation will not commence business until it has received for issuance of its shares consideration of the value of ONE THOUSAND ($1,000.00) DOLLARS consisting of money, labor performed or property actually received.

3

ARTICLE VI

The shareholders of the corporation hereby delegate to the Board of Directors power to adopt, alter, amend, or repeal the bylaws of the corporation; the power shall be vested exclusively in the Board of Directors and shall not be exercised by the shareholders.

ARTICLE VII

Directors shall be elected by plurality vote. Cumulative voting shall not be permitted.

ARTICLE VIII

The post office address of the initial registered office of the corporation is 10375 Richmond Avenue, Suite 1675, Houston, Texas 77042, and the name of its initial registered agent at such address is Richard E. Brown.

ARTICLE IX

The number of directors constituting the initial Board of Directors is one (1) and the name and address of the person who is to serve as director until the first annual meeting of the shareholders, or until their successors are elected and qualified is:

Terrence M. Hartzell, 45 Queen Mary Court, Sugar Land, Texas 77479

ARTICLE X

The name and address of the incorporator is:

Terrence M. Hartzell, 45 Queen Mary Court, Sugar Land, TX 77479.

IN WITNESS WHEREOF, I have hereunto set my hand this 17th day of October, 1990.

*Terrence M. Hartzell*
TERRENCE M. HARTZELL

THE STATE OF TEXAS

COUNTY OF HARRIS

I, the undersigned notary public, do hereby certify that on this 17th day of October, 1990, personally appeared before Terrence M. Hartzell, who being by me duly sworn, severally declared that he is the person who signed the foregoing document as incorporator, and that the statements therein are true.

*[signature]*
Notary Public in and for
The State of Texas

90399.reb                                4